People v Brimmage (2021 NY Slip Op 05100)





People v Brimmage


2021 NY Slip Op 05100


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Ind No. 3567/14 Appeal No. 14207 Case No. 2019-5705 

[*1]The People of the State of New York, Respondent,
v
Rashid Brimmage, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.



Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about June 26, 2017, which adjudicated defendant a level two predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Each of the point assessments at issue was supported by clear and convincing evidence. We note that either of these assessments, when added to undisputed points, would suffice to support a level two adjudication. Points were properly assessed under Factor 11 for a history of drug abuse based upon defendant's own admissions (People v Smith, 161 AD3d 430 [1st Dept 2018], lv denied 32 NY3d 901 [2018]), and his 13 prior drug-related convictions. Points were also properly assessed under Factor 14 for lack of supervised release. Defendant does not dispute that following serving a one-year sentence for the underlying sexual offense he was released without any supervision. Moreover, at the time of the SORA hearing, notwithstanding his counsel's assertion to the contrary, defendant had not been released with supervision in connection with an unrelated Bronx case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021